# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

ADRIENNE ANDERSON,
*on behalf of*
George Gary Martin II

      Plaintiff,

v.

FRANK BISIGNANO[1], Commissioner of
Social Security,

      Defendant.

Case No. 3:24-cv-01036
Magistrate Judge Luke A. Evans

## MEMORANDUM ORDER

Plaintiff Adrienne Anderson filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her deceased father's applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, *id.* §§ 1381–1383f. (Doc. No. 1.) Plaintiff has filed a motion for judgment on the administrative record (Doc. No. 12) and, in lieu of a response to the motion, Defendant filed a motion to remand the

---

[1] Frank Bisignano was sworn in as Commissioner of Social Security on May 7, 2025. Press Release, Soc. Sec. Nat'l Press Off., Fin. Servs. Indus. Leader Frank Bisignano to be the 18th Comm'r of Soc. Sec. (May 7, 2025), https://www.ssa.gov/news/en/press/releases/2025-05-07.html [https://perma.cc/VSC6-YCLM] (last visited Sep. 24, 2025). Under Federal Rule of Civil Procedure 25(d), Bisignano is automatically substituted as the defendant in this action. Fed. R. Civ. P. 25(d).

action to the Social Security Administration (SSA) for further proceedings (Doc. No. 14). Plaintiff opposes the motion (Doc. No. 17) and the motions are ripe for consideration.

The parties have consented to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 11.) Having considered the parties' arguments and the administrative record (Doc. No. 7) as a whole, and for the reasons that follow, the Court will GRANT Defendant's motion to remand for further proceedings and Plaintiff's motion for judgment on the administrative record will be DENIED AS MOOT.

## I.        Background

Plaintiff's late father, George Gary Martin II, protectively filed applications with the SSA for a period of disability and DIB under Title II of the Social Security Act and for SSI under Title XVI on October 11, 2019. (AR at 16[2].)

### A.        Martin's DIB and SSI Applications

When applying for DIB and SSI, Martin listed the following impairments as disabling medical conditions preventing him from gainful employment since the alleged onset date ("AOD") of November 30, 2018: stage one cirrhosis of the liver, hypertension, short-term memory loss, and complications from a cerebrovascular accident (colloquially referred to as a stroke) and a traumatic brain injury ("TBI") suffered from a fall. (AR at 50, 65, 366.) Defendant denied Martin's applications initially and on reconsideration. (AR at 72–73, 94–95.)

Upon Martin's request (AR at 144), an administrative law judge (ALJ) scheduled a hearing for April 8, 2021, to receive evidence and testimony to assist the ALJ in reviewing the denials on both the initial review and on reconsideration (AR at 174). On the morning of the April 8, 2021

---

[2]        The transcript of the administrative record (Doc. No. 7) is referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner of each page.

hearing, however, Martin experienced pain and other symptoms related to his cirrhosis condition and the hearing was postponed (AR at 224) until August 5, 2021 (AR at 253). Unbeknownst to the ALJ at the time the hearing was rescheduled, Martin had passed away on April 28, 2021, nearly three weeks after his initial hearing date. (AR at 258–63.)

To avoid having the case dismissed, Martin's daughter, Adrienne Anderson, who is the Plaintiff in the instant action, substituted herself as claimant and requested that she attend the hearing to pursue Martin's claims. (AR at 258.) Plaintiff appeared at a telephonic hearing on July 21, 2022, alongside counsel (AR at 40–41) and testified (AR at 45–52). The ALJ also heard testimony from a vocational expert. (AR at 52–57.)

### B. The ALJ's Findings

On August 22, 2022, the ALJ issued a written decision finding that Martin was not disabled within the meaning of the Social Security Act and applicable regulations for purposes of seeking DIB, 42 U.S.C. §§ 216(i) and 223(d), nor was he disabled for purposes of receiving SSI under § 1614(a)(3)(A) of the Social Security Act. (AR at 16–29.) The ALJ made the following enumerated findings:

1.      The claimant has not engaged in substantial gainful activity since November 30, 2018, the alleged disability onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*).

\*       \*       \*

2.      The claimant has the following severe impairments: traumatic brain injury (TBI)/frontal lobe hematoma; alcohol use disorder; neurocognitive disorder; respiratory failure; and cirrhosis of liver/liver failure (20 CFR 404.1520(c) and 416.920(c)).

\*       \*       \*

3.      Even with the claimant's substance use, he did not have an impairment or a combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

3

\* \* \*

4.      After careful consideration of the entire record, the undersigned finds that based on all of the impairments, including the substance use disorder, the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he would require frequent unscheduled breaks resulting in being off task for more than 15% of workday or missing more than 2 days per work month.

\* \* \*

5.      The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

6.      The claimant is a younger individual age 18-49 (20 CFR 404.1563 and 416.963).

7.      The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

8.      The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 404.1568 and 416.968).

9.      Considering the claimant's age, education, work experience, and residual functional capacity based on all the impairments, including the substance use disorder, there were no jobs that existed in significant numbers in the national economy that he could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

\* \* \*

10.      If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on his ability to perform basic work activities; therefore, he would have a severe impairment or combination of impairments (20 CFR 404.1522 and 404.922).

11.      If the claimant stopped the substance use, he would not have an impairment or a combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(f) and 416.994(b)(5)(i)).

\* \* \*

12.      After careful consideration of the entire record, the undersigned finds that if the claimant stopped the substance use, he has had the residual functional

4

capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: no climbing of ropes, ladders, or scaffolds; no exposure to hazards such as unprotected heights, moving mechanical heights, or operation of a motor vehicle; unskilled work only with simple-decision making; average production/quota pace; and occasional contact with supervisors/coworkers and infrequent, superficial contact with the public in a static nonconfrontational environment, meaning no conflict resolution, arbitration, or negotiation and infrequent changes in work tasks.

\* \* \*

13. The claimant is still unable to perform past relevant work (20 CFR 404.1565 and 416.965).

14. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

15. If the claimant stopped the substance use, considering his age, education, work experience, and residual functional capacity, there have been jobs that exist in significant numbers in the national economy that he can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

\* \* \*

16. The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance use (20 CFR 404.1520(g), 404.1535, 416.920(g), and 416.935). Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged disability onset date through the date of this decision.

(AR at 19–29.) The Social Security Appeals Council denied Plaintiff's request for review on July 1, 2024, making the ALJ's decision the final decision of Defendant for purposes of appeal. (AR at 1.)

### C. Appeal Under 42 U.S.C. § 405(g)

Plaintiff filed this action for review of the ALJ's decision on August 26, 2024 (Doc. No. 1), and this Court has jurisdiction under 42 U.S.C. § 405(g). Plaintiff asserts that the ALJ erred in two ways. First, Plaintiff argues that the ALJ erred in considering Martin's disabling conditions

5

because she failed in applying the "materiality" standard where a claimant suffers from alcohol abuse or dependence. (Doc. No. 12-1.) Second, Plaintiff argues that the ALJ erred in formulating Martin's residual functional capacity ("RFC") because she "pars[ed] out of the effect of alcohol on the 'B criteria' before even making a disabled finding" as required at step three of the sequential disability analysis. (*Id.* at 18.)

Defendant seemingly concedes that the ALJ erred in her materiality assessment when considering Martin's history of substance abuse. The parties agree the ALJ's decision should be reversed and remanded, with Defendant stating that "[SSA] counsel determined that remand was necessary for further consideration of Plaintiff's substance use disorder in accordance with the agency's regulations." (Doc. No. 15 at 1.)

The real issue before the Court, then, is what the administrative proceedings on remand should look like after the ALJ's decision is reversed and the matter is sent back to the SSA. Plaintiff argues that there are no factual disputes to be resolved on remand and it is settled by the record evidence that Martin was disabled and entitled to benefits. (Doc. No. 12-1.) Defendant disagrees and maintains that this action should be remanded under sentence four of 42 U.S.C. § 405(g) so the administrative record can be more fully developed and a new decision issued. (Doc. No. 15.) Defendant argues that there are outstanding factual questions that prohibit the Court from reversing the ALJ's decision and awarding benefits solely on the record. (*Id.*)

Plaintiff maintains that remand under sentence four of 42 U.S.C. § 405(g) for further proceedings is only appropriate should the Court find there are, in fact, outstanding issues to be resolved. (Doc. No. 12-1.)

6

### D.     Review of the Record

The ALJ and the parties have thoroughly described and discussed the medical and testimonial evidence in the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to address the parties' arguments.

## II.     Legal Standards

### A.     Standard of Review

This Court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a preponderance but "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (quoting *Consol. Edison Co.*, 305 U.S. at 229); *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (same). Further, "[t]he Social Security Administration has established rules for how an ALJ must evaluate a disability claim and has made promises to disability applicants as to how their claims and medical evidence will be reviewed." *Gentry*, 741 F.3d at 723. Where an ALJ fails to follow those rules or regulations, "we find a lack of substantial evidence, 'even where the conclusion of the ALJ may be justified based upon the record.'" *Miller*, 811 F.3d at 833 (quoting *Gentry*, 741 F.3d at 722).

7

## B. Determining Disability at the Administrative Level

DIB and SSI benefits are available to individuals who are disabled, which is defined in this context as having an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (explaining that this definition applies in the DIB and SSI contexts).

ALJs must employ a "five-step sequential evaluation process" to determine whether a claimant is disabled, proceeding through each step until a determination can be reached. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). For purposes of this case, the regulations governing disability determination for DIB and SSI benefits are identical. *See Colvin*, 475 F.3d at 730 (citing 20 C.F.R. §§ 404.1520, 416.920). At step one, the ALJ considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "[I]f the claimant is performing substantial gainful activity, then the claimant is not disabled." *Miller*, 811 F.3d at 834 n.6. At step two, the ALJ determines whether the claimant suffers from "a severe medically determinable physical or mental impairment" or "combination of impairments" that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "If the claimant does not have a severe impairment or combination of impairments [that meets the durational requirement], then the claimant is not disabled." *Miller*, 811 F.3d at 834 n.6. At step three, the ALJ considers whether the claimant's medical impairment or impairments appear on a list maintained by the SSA that "identifies and defines impairments that are of sufficient severity as to prevent any gainful activity." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). "If the claimant's impairment meets or equals one of the listings, then the ALJ will find the claimant disabled." *Miller*, 811 F.3d at 834 n.6. If not, the ALJ proceeds to step four.

*Combs*, 459 F.3d at 643; *see also Walker v. Berryhill*, No. 3:16-1231, 2017 WL 6492621, at *3 (M.D. Tenn. Dec. 19, 2017) (explaining that "[a] claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability and ends the inquiry"), *report and recommendation adopted*, 2018 WL 305748 (M.D. Tenn. Jan. 5, 2018).

At step four, the ALJ evaluates the claimant's past relevant work and "'residual functional capacity,' defined as 'the most [the claimant] can still do despite his limitations.'" *Combs*, 459 F.3d at 643 (alteration in original) (quoting 20 C.F.R. § 404.1545(a)(1)); *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past work is relevant to this analysis if the claimant performed the work within the past 15 years, the work qualifies as substantial gainful activity, and the work lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). If the claimant's RFC permits him to perform past relevant work, he is not disabled. *Combs*, 459 F.3d at 643. If a claimant cannot perform past relevant work, the ALJ proceeds to step five and determines whether, "in light of [his] residual functional capacity, age, education, and work experience," a claimant can perform other substantial gainful employment. *Id.* While the claimant bears the burden of proof during the first four steps, at step five the burden shifts to the Commissioner to "identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity and vocational profile." *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). "Claimants who can perform such work are not disabled." *Combs*, 459 F.3d at 643; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.     Analysis

#### A. Remand is Necessary

Generally, remand is appropriate when an ALJ's decision is unsupported by substantial evidence or where an ALJ fails to abide by SSA regulations and that failure prejudices a plaintiff

on the merits or deprives her of substantial rights. *See, e.g., Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir.2004)). As a sister court in this Circuit has explained, remand may also be warranted when an ALJ's decision for rejecting the opinion of a treating medical source lacks "good reasons"; the ALJ failed to consider certain evidence or the combined effect of a claimant's impairments; or the ALJ discounted a claimant's credibility without providing specific reasons supported by substantial evidence. *Ranly v. Comm'r of Soc. Sec.*, Case No. 3:14-cv-00334, 2019 WL 2590573, at *9 (S.D. Ohio June 25, 2019) (internal citations omitted). More specifically, sentence four of 42 U.S.C. § 405(g) authorizes courts to "affirm, modify, or reverse the Commissioner's decision 'with or without remanding the cause for rehearing.'" *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991)). "[R]emand under sentence four may result in the need for further proceedings or an immediate award of benefits [ ]" and remand for an immediate award of benefits "is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking." *Id.* (internal citations omitted).

When considering the influence of alcohol or other substance use or abuse conditions, as is necessary here in light of Martin's sustained alcohol consumption, the Social Security Act "provides, in relevant part, that '[a]n individual shall not be considered disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 708 (E.D. Mich. 2023) (quoting 42 U.S.C. § 423(d)(2)(C)). In practical terms, the SSA enacted regulations under 20 C.F.R. §§ 404.1535 and 416.935 that "'clearly'" inform ALJs that "the five-step sequential evaluation process be followed in the adjudication of disability 'before any consideration is given to whether drug addiction [or alcohol

abuse] is the cause of such disability.'" *Id.* at 708–09 (quoting *Williams v. Barnhart*, 338 F. Supp. 2d 849, 862 (M.D. Tenn. 2004)).

> In application, one court in the Sixth Circuit stated the following:
>
> In other words, "[t]o find that drug addiction [or alcohol abuse] is a contributing factor material to the determination of disability without first finding the [plaintiff] disabled . . . is to put the cart before the horse." *Williams*, 338 F. Supp. 2d at 862. "If the five step sequential evaluation process, without removing the effects of substance abuse disorders from consideration, indicates that the plaintiff is not disabled then there is no need to continue with the substance abuse materiality analysis of 20 C.F.R. §§ 404.1535 and 416.935." *Stroud v. Comm'r of Soc. Sec.*, Civil Action No. 10–12515, 2011 WL 4576032, at *11-12 (E.D. Mich. July 25, 2011) (citing *Brueggemann v. Barnhart*, 348 F.3d 689, 694–95 (8th Cir. 2003) ("If the gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent.")).

*Id.* at 709 (first and third alterations in original).

The ALJ found that Martin was disabled after considering his severe and non-severe impairments alongside his alcohol abuse, but Plaintiff argues that the ALJ's subsequent determination that, had Martin ceased consuming alcohol he would not have impairments severe enough to render him disabled, lacks the necessary record evidence in support. (Doc. No. 12-1.) However, Defendant does not substantively dispute that remand is necessary and that the SSA will "further consider Plaintiff's substance use disorder and assess its materiality in accordance with the agency's regulations." (Doc. No. 15 at 1.)

### B.  Purpose of Remand

The more important question for resolving the parties' instant dispute is what the SSA should do on remand. The answer turns, in part, on whether Plaintiff has shown that the available record evidence "overwhelmingly" demonstrates Martin's medically determinable impairments prevented him from substantial gainful activity from November 30, 2018, the AOD, through December 31, 2023, the date Martin was last insured. If the evidence is not overwhelming, Plaintiff

must show that there is strong evidence to that effect combined with a lack of evidence showing Martin was not disabled. (Doc. No. 12-1.) If Plaintiff can meet her burden, then this action may be remanded solely for a calculation of benefits. If not, then remand will require the SSA to reevaluate the evidence and the ALJ's decision and then make another disability determination. *Gibson v. Saul*, 548 F. Supp. 3d 659, 662 (N.D. Ohio 2021) ("If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits . . . . A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.") (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994)).

### 1.      Immediate Award of Benefits

As explained above, record evidence must be "overwhelming" or it must be "strong [while] evidence to the contrary is lacking" if the Court is to immediately award Plaintiff the benefits sought. *Felisky*, 35 F.3d at 1041. Plaintiff does not address the strength of the record evidence that purportedly supports an award of benefits at this time and instead argues that, when an "ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability [ ]" or when the record evidence as to the materiality of alcoholism is essentially a "tie[,]" then "the claimant's burden has been met" and "a tie goes to [the claimant]." (Doc. No. 17 at 3 (third alteration in original) (quoting *Brueggemann*, 348 F.3d at 693).)

Plaintiff's argument to this point misses the mark. The parties agree that remand is necessary, in part, because the ALJ erred in her materiality analysis. But Plaintiff has not pointed the Court to evidence that warrants an award of benefits at this time. Plaintiff instead directs the Court to record evidence supporting the notion that Martin's conditions—particularly his TBI and cirrhosis—were

12

irreversible and would not improve if he ceased drinking alcohol, as evidenced by Martin's death over two years after his cirrhosis diagnosis. (Doc. No. 12-1.) However, the determination here does not turn on whether Martin's impairments would have improved. Rather, Plaintiff must demonstrate that there is sufficiently supportive evidence in the record to show that, at the time Martin sought benefits, he was unable to maintain substantial gainful activity.

At the outset, the Court notes that the ALJ and Plaintiff alike rely heavily on medical records and treatment evidence from before Martin's November 30, 2018 AOD. What records do fall within the period of disability between November 30, 2018, and December 31, 2023, do not "overwhelmingly" demonstrate that Martin's impairments warranted benefits. For example, Martin's self-reported function report from September 7, 2020, describes the pain associated with his cirrhosis diagnosis as "minor" and attests that the symptoms presented very few problems in his daily activities. (AR at 409–11.) Similarly, Martin expressed little-to-no impediments imposed by his cerebral and neurocognitive conditions except for his short-term memory. (AR at 412–19.)

While these self-reported function reports in no way prove Martin was not disabled for the relevant period, neither are they "overwhelming" evidence that he was definitively disabled and entitled to benefits. Similarly, the Court cannot find that the evidence is strong proof of Martin's disability and that there is a sufficient lack of evidence on the record providing a contrary assessment. To reinforce its point that Plaintiff's argument is misplaced, consider the non-transient nature of cirrhosis and Martin's TBI-related brain impairments to which Plaintiff refers. For purposes of this review, even if it were a certainty that Martin's impairments would worsen with or without consuming alcohol, Plaintiff has not directed the Court to record evidence sufficient to meet her burden of showing that Martin's conditions at the time prevented him from engaging in substantial gainful activity.

On the administrative record before it, the Court finds that Plaintiff has not met her burden of showing Martin was entitled to benefits and that an immediate award of benefits is warranted at this time. As a result, the Court will reverse the ALJ's decision and remand the action to the SSA for further

13

proceedings. Specifically, the Court finds that the ALJ's decision inadequately explains her analysis of Martin's alcohol use, its materiality to his impairments, and its impact on the two incongruous RFCs presented in her initial decision.

## IV.        Conclusion

For the foregoing reasons, the Court will reverse the ALJ's decision and remand the case to the SSA for further proceedings consistent with this order. As a result, Defendant's motion for remand under sentence four of 42 U.S.C. § 405(g) (Doc. No. 14) is GRANTED and Plaintiff's motion for judgment on the administrative record is DENIED AS MOOT.

It is so ORDERED.

Entered this 19th day of March, 2026.

_____
LUKE A. EVANS
United States Magistrate Judge